UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Keri Adams,<br><br>              Plaintiff,<br>v.<br><br>Everest Receivable Services, Inc.,<br><br>              Defendant. | Civil Action No.: _____<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Keri Adams, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Keri Adams ("Plaintiff"), is an adult individual residing in Coxs Creek, Kentucky, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. The Defendant, Everest Receivable Services, Inc. ("Everest"), is New York business entity with an address of 2351 North Forest, Suite 100, Getzville, New York 14068, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

5. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

6. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. The Debt was purchased, assigned or transferred to Everest for collection, or Everest was employed by the Creditor to collect the Debt.

8. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Everest Engages in Harassment and Abusive Tactics

9. On or around November 18, 2020, Everest called several members of Plaintiff's family in an attempt to collect the Debt from Plaintiff.

10. During a conversation with Plaintiff's sister and Plaintiff's mother, Everest falsely stated that it had "legal documents" for Plaintiff.

11. To date, Everest has not initiated legal action against Plaintiff.

12. When Plaintiff's family member asked for information about who was calling, the collector provided their own name and failed to identify that they were calling on behalf of Everest.

### C. Plaintiff Suffered Actual Damages

13. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

14. As a direct consequence of the Defendant's acts, practices and conduct, the

Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

15. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The Defendant's conduct violated 15 U.S.C. § 1692b(1) in that Defendant contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

17. The Defendant's conduct violated 15 U.S.C. § 1692b(1) in that Defendant contacted third parties for purposes other than to confirm or correct location information.

18. The Defendant's conduct violated 15 U.S.C. § 1692c(b) in that Defendant communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

19. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

20. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

21. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

22. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

23. The foregoing acts and omissions of the Defendant constitute numerous and

multiple violations of the FDCPA, including every one of the above-cited provisions.

24. The Plaintiff is entitled to damages as a result of Defendant's violations.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendant as follows:

1. Against the named Defendant, jointly and severally, awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named Defendant, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named Defendant, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Against the named Defendant, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

5. Granting the Plaintiff such other and further relief as may be just and proper.

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 8, 2021

                                                 Respectfully submitted,

                                                 By */s/ Sergei Lemberg*

                                                 Sergei Lemberg, Esq. (SL 6331)
                                                 LEMBERG LAW, LLC
                                                 43 Danbury Road, 3d Floor
                                                 Wilton, CT 06897
                                                 Telephone: (203) 653-2250
                                                 Facsimile:  (203) 653-3424
                                                 Attorneys for Plaintiff